IN THE UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| REBECCA WILLMORE | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Cause No. |
| KENTUCKY FRIED CHICKEN, | ) ) ) | **JURY TRIAL DEMANDED** |
| and | ) ) | |
| MICAH CASTEEL, | ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW Plaintiff Rebecca Willmore, by her attorneys, Newton Barth L.L.P., and for her Complaint against Defendants, states as follows:

## PARTIES

1.  At all times relevant herein, Plaintiff Rebecca Willmore ("Plaintiff" or "Willmore") was a resident of St. Francois County, State of Missouri and a citizen of the State of Missouri.

2.  At all times relevant herein, Defendant Kentucky Fried Chicken was a corporation, duly registered to conduct business in the State of Missouri; was conducting business in the State of Missouri, and continues to transact business in the State of Missouri, including St. Francois County, Missouri.

3.  At all times relevant herein, Defendant Micah Casteel ("Casteel") was a resident of St. Francois County, State of Missouri and a citizen of the State of Missouri.

1

## GENERAL ALLEGATIONS

4.     Upon information and belief, at all times relevant herein, KFC owned and operated within its corporate structure a store located at 24 Woodlawn Drive, Leadington, MO 63601.

5.     At all times relevant, Defendant Casteel was employed as an assistant manager at the store located at 24 Woodlawn Drive, Leadington, MO 63601 (the Leadington Store).

6.     At all times relevant herein, Willmore was working as an employee for KFC at the Leadington Store and was under the direct supervision of Defendant Casteel.

7.     At all times relevant herein, Defendant Casteel was a supervisor over Willmore, had the power to directly affect the terms and conditions of Willmore's employment, and was acting within the scope of his own employment with KFC.

8.     Further, at all times relevant herein and upon information and belief, Defendant Casteel was responsible for the day-to-day operations of the Leadington store, and based upon his responsibilities and his control over Plaintiff, Casteel was the alter-ego of Defendant, KFC.

## JURISDICTION AND VENUE

9.     Jurisdiction of proper in this Court pursuant to 28 U.S.C. § 1331 as an act under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, as amended, and state law claims under 28 U.S.C. § 1367.

10.    The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Missouri.

11.    Venue is proper pursuant to 28 U.S.C. § 1391 (b)(2) in that a substantial part of the events or omissions giving rise to the claims herein occurred in the Eastern District of Missouri.

12. Plaintiff filed a charge of discrimination with the EEOC and was provided with the Notice of Right to Sue on July 31, 2018. This action has been filed within 90 days of the Notice of Right to Sue. See **Exhibit 1.**

13. Plaintiff demands a trial by jury on all counts.

## COUNT I

*(Common Law Assault)*

COMES NOW Plaintiff Rebecca Willmore, by her attorneys, and for Count I of her Complaint against Defendant Micah Casteel, states as follows:

14. Plaintiff hereby incorporates the preceding paragraphs herein by reference as if fully set forth herein.

15. During Plaintiff's employment with KFC, Defendant Casteel, while employed by KFC, began intentionally and inappropriately touching Plaintiff and making uninvited sexual advances towards her.

16. This inappropriate and intentional conduct by Defendant Casteel escalated.

17. Defendant Casteel also began inviting himself to be driven home by Plaintiff after work, so that they would be alone, and leaving Plaintiff little choice, as Plaintiff's supervisor, to provide Casteel with a ride home from work.

18. Defendant Casteel continued to make inappropriate advances and touching to Plaintiff until March 13, 2017, the day that Casteel was arrested for attempted rape of Plaintiff.

19. As a result of Defendant's unwanted and continued advances on Plaintiff, Plaintiff was in well-founded fear of imminent peril, caused by Defendant's ability to commit unwanted sexual advances, and by Defendant Casteel's physical size and position of authority.

20. On March 13, 2017, Plaintiff was required by Defendant to make the "coleslaw," which was typically only done by managers. Based upon this request, Plaintiff went into the walk-in cooler and Defendant Casteel followed her.

21. Defendant Casteel, while in the walk-in cooler began touching Plaintiff, without her consent, and attempting to put his hands in her pants. Plaintiff was able to escape from the walk-in cooler.

22. Later, on March 13, 2017, Defendant Casteel required Plaintiff to complete a survey in the office. Casteel followed Plaintiff into the office. Plaintiff attempted to leave, but Casteel shut the door and locked it.

23. Casteel pinned Plaintiff against the desk and attempted to unbutton her pants, and trying to restrain Plaintiff. During this struggle, Plaintiff could feel Casteel's erect penis.

24. Plaintiff was able to escape from the office.

25. Plaintiff left work immediately, and then called the police.

26. Casteel was charged with the felony of "attempted rape" in St. Francois County. Those charges remain pending.

27. At no point did Plaintiff ever grant Defendant Casteel consent to touch her in any of the ways mentioned herein.

28. As a direct and proximate result of the aforesaid circumstances, Casteel created, in Plaintiff's mind, a well-founded fear of imminent peril, caused by Defendant's ability to commit an unwanted and forceful sexual advance, and then did commit an assault upon Plaintiff.

29. As a direct and proximate result of the assaults on Plaintiff by Defendant Casteel, Plaintiff has suffered severe emotional distress, she has lost wages and benefits she otherwise would have received, future lost wages and benefits, mental anguish, depression, emotional

distress and retaliation from co-workers and supervisors in the past and may continue to suffer the same in the future, suffered a loss of enjoyment of a normal life as a consequence of her emotional injuries and she has lost her ability to engage in the same kinds of normal activities, all to her damage.

WHEREFORE, Plaintiff Rebecca Willmore requests that judgment be entered on her behalf and against Defendant Micah Casteel for actual damages in a sum in excess of $75,000.00, for punitive damages, and for costs of this suit.

## COUNT II

*(Common Law Battery)*

COMES NOW Plaintiff Rebecca Willmore, by her attorneys, and for Count II of her Complaint against Defendant Micah Casteel, states as follows:

30. Plaintiff hereby incorporates the preceding paragraphs herein by reference as if fully set forth herein.

31. During Plaintiff's employment with KFC, Defendant Casteel, while employed by KFC, began intentionally and inappropriately touching Plaintiff and making uninvited sexual advances towards her.

32. This inappropriate and intentional conduct by Defendant Casteel escalated.

33. Defendant Casteel also began inviting himself to be driven home by Plaintiff after work, so that they would be alone, and leaving Plaintiff little choice, as Plaintiff's supervisor, to provide Casteel with a ride home from work.

34. Defendant Casteel continued to make inappropriate advances and touching to Plaintiff until March 13, 2017, the day that Casteel was arrested for attempted rape of Plaintiff.

35. As a result of Defendant's unwanted and continued advances on Plaintiff, Plaintiff was in well-founded fear of imminent peril, caused by Defendant's ability to commit unwanted sexual advances, and by Defendant Casteel's physical size and position of authority.

36. On March 13, 2017, Plaintiff was required by Defendant to make the "coleslaw," which was typically only done by managers. Based upon this request, Plaintiff went into the walk-in cooler and Defendant Casteel followed her.

37. Defendant Casteel, while in the walk-in cooler began touching Plaintiff, without her consent, and attempting to put his hands in her pants. Plaintiff was able to escape from the walk-in cooler.

38. Later, on March 13, 2017, Defendant Casteel required Plaintiff to complete a survey in the office. Casteel followed Plaintiff into the office. Plaintiff attempted to leave, but Casteel shut the door and locked it.

39. Casteel pinned Plaintiff against the desk and attempted to unbutton her pants, and trying to restrain Plaintiff. During this struggle, Plaintiff could feel Casteel's erect penis.

40. Plaintiff was able to escape from the office.

41. Plaintiff left work immediately, and then called the police.

42. Casteel was charged with the felony of "attempted rape" in St. Francois County. Those charges remain pending.

43. At no point did Plaintiff ever grant Defendant Casteel consent to touch her in any of the ways mentioned herein.

44. As a direct and proximate result of the aforesaid circumstances, Casteel created, in Plaintiff's mind, a well-founded fear of imminent peril, caused by Defendant's ability to commit an unwanted and forceful sexual advance, and then did commit an assault upon Plaintiff.

45.     As a direct and proximate result of the assaults on Plaintiff by Defendant Casteel, Plaintiff has suffered severe emotional distress, she has lost wages and benefits she otherwise would have received, future lost wages and benefits, mental anguish, depression, emotional distress and retaliation from co-workers and supervisors in the past and may continue to suffer the same in the future, suffered a loss of enjoyment of a normal life as a consequence of her emotional injuries and she has lost her ability to engage in the same kinds of normal activities, all to her damage.

WHEREFORE, Plaintiff Rebecca Willmore requests that judgment be entered on her behalf and against Defendant Micah Casteel for actual damages in a sum in excess of $75,000.00, for punitive damages, and for costs of this suit.

### COUNT III

*(Negligent Hiring)*

COMES NOW Plaintiff Rebecca Willmore, by her attorneys, and for Count III of her Complaint against Defendant, KFC, states as follows:

46.     Plaintiff hereby incorporates the preceding paragraphs herein by reference as if fully set forth herein.

47.     At all times relevant herein, Defendant KFC had a duty to hire and train individuals who were qualified to perform all the duties expected of supervisory employees.

48.     At all times relevant herein, Defendant KFC had the duty to supervise and train individuals to ensure that those people were qualified to be supervisors of other employees.

49.     At all times relevant herein, Defendant KFC had a duty to refuse employment to anyone who may have presented a danger to other employees.

50. Plaintiff had a right to rely on the fact that Defendant KFC would perform its legally obligated duty in hiring only qualified candidates who did not pose an unreasonable risk to the employees they would be supervising.

51. Defendant KFC was negligent and breached its duty to Plaintiff in one or more of the following ways:

(a) Defendant KFC knew, or in the exercise of ordinary care, should have known, that Defendant Micah Casteel, was unqualified for the position as supervisor of female employees; and/or

(b) Defendant KFC failed to take reasonable steps to determine that Defendant Micah Casteel was unqualified for the position as supervisor of female employees; and/or

(c) Defendant KFC failed to take reasonable steps to determine that Defendant Micah Casteel posed a danger to female employees who would work for him; and/or

(d) Defendant KFC failed to take reasonable steps to determine that Defendant Micah Casteel posed a danger to female employees who would work for him.

52. As a direct and proximate result of Defendant KFC's acts and omissions, Plaintiff was sexually harassed, assaulted and battered by KFC's supervisor, Defendant Micah Casteel.

53. As a further direct and proximate result of the acts of sexual harassment, assault and battery, Plaintiff has suffered emotional distress, she has lost wages and benefits she would have otherwise received, and may suffer such loss of wages and benefits in the future; she has experienced mental anguish, depression, emotional distress and retaliation from co-workers and supervisors; she has suffered a loss of enjoyment of a normal life as a consequence of her emotional injuries and she has lost her ability to engage in the same kinds of normal activities, all to her damage.

WHEREFORE Plaintiff Rebecca Willmore requests that judgment be entered on her behalf against the Defendant, KFC, for actual damages in a sum that is fair and reasonable, for punitive damages, and for costs of this suit.

### **COUNT IV**

*(Negligent Retention and Supervision)*

COMES NOW Plaintiff Rebecca Willmore, by her attorneys, and for Count IV of her Complaint against Defendant, KFC, states as follows:

54. Plaintiff hereby incorporates the preceding paragraphs herein by reference as if fully set forth herein.

55. At all times relevant herein, Defendant KFC had a duty to hire and train individuals who were qualified to perform all the duties expected of supervisory employees.

56. At all times relevant herein, Defendant KFC had the duty to supervise and train individuals to ensure that those people were qualified to be supervisors of other employees.

57. At all times relevant herein, Defendant KFC had a duty to refuse employment to anyone who may have presented a danger to other employees.

58. Plaintiff had a right to rely on the fact that Defendant KFC would perform its legally obligated duty in hiring only qualified candidates who did not pose an unreasonable risk to the employees they would be supervising.

59. Defendant KFC was negligent and breached its duty to Plaintiff in one or more of the following ways:

   (e) Defendant KFC knew, or in the exercise of ordinary care, should have known, that Defendant Micah Casteel, was unqualified for the position as supervisor of female employees; and/or

9

(f) Defendant KFC failed to take reasonable steps to determine that Defendant Micah Casteel was unqualified for the position as supervisor of female employees; and/or

(g) Defendant KFC failed to take reasonable steps to determine that Defendant Micah Casteel posed a danger to female employees who would work for him; and/or

(h) Defendant KFC failed to take reasonable steps to determine that Defendant Micah Casteel posed a danger to female employees who would work for him.

60. As a direct and proximate result of Defendant KFC's acts and omissions, Plaintiff was sexually harassed, assaulted and battered by KFC's supervisor, Defendant Micah Casteel.

61. As a further direct and proximate result of the acts of sexual harassment, assault and battery, Plaintiff has suffered emotional distress, she has lost wages and benefits she would have otherwise received, and may suffer such loss of wages and benefits in the future; she has experienced mental anguish, depression, emotional distress and retaliation from co-workers and supervisors; she has suffered a loss of enjoyment of a normal life as a consequence of her emotional injuries and she has lost her ability to engage in the same kinds of normal activities, all to her damage.

WHEREFORE Plaintiff Rebecca Willmore requests that judgment be entered on her behalf against the Defendant, KFC, for actual damages in a sum that is fair and reasonable, for punitive damages, and for costs of this suit.

## **COUNT V**

*(Sexual Harassment and Discrimination)*

COMES NOW Plaintiff Rebecca Willmore, by and through her attorneys, and for Count V of her Complaint against Defendant KFC, states as follows:

62. Plaintiff hereby incorporates the preceding paragraphs herein by reference as if fully set forth herein.

63. This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1990 to correct unlawful employment practices on the basis of sex and to provide relief to Plaintiff who was adversely affected by such practices.

64. Plaintiff alleges that while employed by Defendant, KFC, she was subjected to egregious sexual harassment on account of her sex by Micah Casteel, the assistant manager of KFC. The sexual harassment altered the terms and conditions of Plaintiff's employment.

65. At all times relevant herein, KFC was an employer within the meaning of Title VII.

66. Plaintiff filed a charge with the Equal Employment Opportunity Commission and received a notice of right to sue. Therefore, all conditions precedent to the institution of this lawsuit have been fulfilled.

67. The unlawful conduct described herein was unwelcome, sexual in nature, and directed at Plaintiff because of here sex.

68. The unlawful conduct was sufficiently severe or pervasive to create a hostile working environment for Plaintiff, which altered the terms and conditions of her employment.

69. The effect of the employment practices complained about has deprived Plaintiff of equal employment opportunities and otherwise adversely affected her status as an employee because of her sex.

70. Plaintiff is now suffering and will continue to suffer injury and monetary damages as a result of Defendant KFC's discriminatory practices.

71.     The unlawful employment practices complained of and described herein were intentional, done with malice or with reckless indifference to the federally protected rights of Plaintiff, justifying an award of punitive damages.

WHEREFORE Plaintiff Rebecca Willmore requests that judgment be entered on her behalf and against Defendant KFC, for actual damages in a sum fair and reasonable, for punitive damages, and for costs of this suit and attorney's fees, awarding Plaintiff pre- and post-judgment interest, and for such other and further relief as this Court deems just and necessary under the circumstances.

### COUNT VI

*(Retaliation)*

COMES NOW Plaintiff Rebecca Willmore, by and through her attorneys, and for Count V of her Complaint against Defendant KFC, states as follows:

72.     Plaintiff hereby incorporates the preceding paragraphs herein by reference as if fully set forth herein.

73.     This is an action under Title VII of the Civil Rights Act of 1964 to correct unlawful employment practices on retaliation for reporting conduct prohibited under Title VII of the Civil Rights Act.

74.     After Plaintiff reported the sexual assault at the hands of Defendant's supervisor, Micah Casteel, she returned to work and discovered that she was only on the schedule for two days that week.

75.     Plaintiff also filed for a restraining order and delivered a copy of the petition to her boss.  At that time, Plaintiff was told to "don't worry about coming in anymore."  Plaintiff took that to mean that she was fired from her job.

12

76. During the restraining order hearing, a representative of KFC, Mike Dill, stated that Plaintiff was still employed by KFC.

77. Therefore, Plaintiff contacted Mr. Dill, who then told Plaintiff that she was fired for "job abandonment" when she had not returned to work after being told "don't worry about coming in anymore."

78. KFC took the actions, in considering that Plaintiff "abandoned her job" within days of being sexually assaulted at KFC, thereby terminating and/or constructively discharging Plaintiff, although Plaintiff was actively seeking her schedule, in retaliation for Plaintiff reporting sexual discrimination and harassment at KFC.

79. Plaintiff is now suffering and will continue to suffer injury and monetary damages as a result of KFC's discriminatory and retaliatory practices.

80. The unlawful employment practices complained of and described herein were intentional, done with malice or with reckless indifference to the federally protected rights of Plaintiff, justifying an award of punitive damages.

WHEREFORE Plaintiff Rebecca Willmore requests that judgment be entered on her behalf and against Defendant KFC, for actual damages in a sum fair and reasonable, for punitive damages, and for costs of this suit and attorney's fees, awarding Plaintiff pre- and post-judgment interest, and for such other and further relief as this Court deems just and necessary under the circumstances.

        Respectfully submitted,

        **NEWTON BARTH, L.L.P.**

By:    /s/ *Brandy B. Barth*
        Brandy B. Barth, 56668MO
        555 Washington Ave., Suite 420
        St. Louis, Missouri 63101
        (314) 272-4490 – Telephone
        (314) 762-6710 – Facsimile
        bbarth@newtonbarth.com
        Attorneys for Plaintiff